## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DANIEL E. PETERSON,

      Plaintiff,

      v.

MINERVA SURGICAL, et al.,

      Defendants.

Case No.  2:25-cv-02582-HLT-ADM

## MEMORANDUM AND ORDER

Plaintiff Daniel Peterson acts pro se.[1] He alleges Defendants engaged in fraudulent and conspiratorial conduct while defending in federal court the validity of an arbitration against him. This is Plaintiff's third attempt to challenge this adverse award, and his second attempt before this Court. This time around he invokes the Court's ancillary authority to entertain an independent action seeking to set aside a prior judgment allegedly procured by fraud on the court. Plaintiff also asserts claims under Kansas law.

Defendants move to dismiss for failure to state a claim and for lack of jurisdiction. Doc. 8. The Court grants Defendants' motion in part and dismisses the case in its entirety. Plaintiff fails to state a fraud-on-the-court claim. The facts underlying this claim have already been litigated as they were decided in connection with the underlying arbitration. Plaintiff is collaterally estopped from relitigating them here. But even if he weren't, the alleged misconduct isn't of the type or extent necessary to sustain a colorable fraud-on-the-court claim. The Court questions whether it could

---

[1] Because Plaintiff proceeds pro se, his pleadings are construed liberally and held to a less stringent standard than pleadings drafted by lawyers, but the Court does not assume the role of advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

exercise supplemental jurisdiction over Plaintiff's remaining state-law claims but, even if it could, the Court in its discretion declines to exercise it and dismisses them as well.

## I.      BACKGROUND

Plaintiff worked for Defendant Minerva Surgical, Inc. until Minerva fired him. Plaintiff then litigated his termination and claims about the safety of Minerva's products in arbitration. Minerva filed a counterclaim. The arbitration resulted in an award against Plaintiff that exceeded $100,000. Plaintiff unsuccessfully challenged the award's confirmation in this District. *Peterson v. Minerva Surgical*, 2023 WL 8529267 (D. Kan. 2023) (*Peterson I*), *aff'd* 2024 WL 3824894 (10th Cir. 2024). The district court judge confirmed the award and reduced it to a judgment. Plaintiff then tried to collaterally attack the award in a separate case before this Court. *Peterson v. Minerva Surgical*, 2025 WL 1906652 (D. Kan. 2025) (*Peterson II*).  Plaintiff argued the prior proceedings were tainted by fraud. This effort too was unsuccessful. This Court dismissed his claims for lack of subject-matter jurisdiction. The present case is Plaintiff's third attempt to attack the adverse award. And the result of this newest battery of challenges is much the same as the others – unsuccessful. The Court accordingly dismisses Plaintiff's claims.

The Court summarized the relevant history of Plaintiff's ongoing legal battle with Minerva (and its attorneys) in its July 10, 2025 order in *Peterson II*. That history remains relevant to this case, and it's unnecessary to repeat it all here. It's sufficient to say that "Plaintiff [still] remains convinced" that the defendants in the arbitration engaged in dishonest conduct during those proceedings and he "remains committed to vindicating this conviction in federal court." *Id.* at *1. To that end (as with the previous case before this Court), "he's initiated the present litigation, alleging that Defendants' repetition of their false statements" during the arbitration and in the

"post-arbitration proceedings constituted independently actionable" conduct that entitles him to relief from the judgment confirming the award.[2] *Id.*

## II.    ANALYSIS

Defendants move to dismiss under Rule 12(b) for lack of jurisdiction and for failure to state a claim. The Court has subject-matter jurisdiction, but the fraud-on-the-court claim nevertheless fails on the merits. The Court declines to exercise supplemental jurisdiction (assuming it exists) on the remaining state-law claims and dismisses those claims as well.

### A.    Subject-matter jurisdiction.

Defendants initially challenge the Court's subject-matter jurisdiction. Defendants present this argument in the alternative. But it is a threshold issue that the Court has an independent obligation to resolve before it can get to the merits. *See e.g.*, *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). As this Court noted in its opinion dismissing Plaintiff's prior action, and as it emphasizes here, federal courts are courts of limited subject-matter jurisdiction. *Peterson II*, 2025 WL 1906652*,* at \*2.   And lower federal courts exercise jurisdiction over Article III cases or controversies only so far as Congress allows it. The Supreme Court long-ago observed in *Cary v. Curtis* that the exercise of "judicial power" by lower federal courts is rooted in the Constitution but "depend[s] for its distribution and organization, and for the modes of its exercise, entirely upon the action of Congress, who possess the sole power of creating [them] . . . and of investing them with jurisdiction . . . in the exact degrees and character which to Congress may seem proper for the public good." 44 U.S. 236, 245 (1845).

---

[2]    In addition to Minerva, Plaintiff has sued Minerva's former CEO David Clapper and former vice president of sales and marketing, Thomas Pendlebury. Plaintiff has also sued the law firm Gordon Rees Scully Mansukhani, LLP and several of its attorneys – Michael Laurenson, Amber Eklof, and Tony Shapiro.

Even so, federal courts do enjoy ancillary authority in certain circumstances to grant relief from their own prior judgment even if sought via a subsequent and separate independent action. *Day v. Devries*, 2023 WL 4363894, at *2 (10th Cir. 2023); *see Robinson v. Volkswagenwerk AG*, 56 F.3d 1268, 1274-75 (10th Cir. 1995); *see also United States v. Beggerly*, 524 U.S. 38, 46 (1998). This includes the authority to set aside a judgment for "fraud on the court." *Day*, 2023 WL 4363894, at *2. And federal appellate courts have repeatedly held that a request for relief of this sort may be brought as an independent equitable action in the federal court that issued the judgment. *E.g., id.* No separate jurisdictional basis for the suit is required. *Beggerly*, 524 U.S. at 46. Jurisdiction is ancillary, and the action is regarded as a continuation of the prior suit. *Id.*

The Court thus has subject-matter jurisdiction over Plaintiff's fraud-on-the-court claim. Plaintiff seeks relief from a prior judgment issued in this District affirming the arbitration award against him. He alleges this judgment was obtained through fraud and in doing so invokes the Court's ancillary equitable authority to set aside its own judgment.

Defendants seem to acknowledge this outcome but argue the Court's authority extends only so far as the authority to set aside the judgment. Defendants contend the Court therefore lacks subject-matter jurisdiction over any claim seeking money damages, including his claim for fraud on the court. But the Court does not construe Plaintiff's claim for fraud on the court as a claim for money damages. Plaintiff's complaint is clear that he is seeking to have the judgment confirming the arbitration award against him set aside. The Court thus has subject-matter jurisdiction over Plaintiff's fraud-on-the-court claim.[3]

---

[3] Defendants' argument is that the Court lacks jurisdiction only to the extent Plaintiff's claim seeks monetary damages. Even if the Court read Plaintiff's fraud-on-the-court claim as seeking monetary relief, Court questions the substance of Defendants' argument. True enough, there is some persuasive authority that courts lack subject-matter jurisdiction over claims for fraud on the court that seek damages. *See In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 456 F. Supp. 2d 131, 141 n.13 (D. Me. 2006). But this is not a uniformly held view. *Id.* (noting the lack of uniformity). And it seems in tension with the more fundamental principle that a court exercising its equitable authority can fashion "complete relief." The ability to set aside a judgment in an

### B.    Merits.

The Court next turns to the merits.[4] Defendants correctly observe that this latest case is simply another attempt by Plaintiff to relitigate issues that were long ago decided by an arbitrator. Defendants argue that Plaintiff fails to state a viable fraud-on-the-court claim because (1) a fact finder already determined that Defendants' allegedly false statements were not actually false, and (2) Plaintiff does not allege a colorable fraud-on-the-court claim even assuming the Court could second-guess the veracity of the statements at-issue and found them to be false. Defendants' arguments are well-taken. The Court concludes Plaintiff fails to allege a colorable claim of fraud on the court.

First, Plaintiff's fraud-on-the-court claim stems from Defendants' statements about device safety. A trier of fact has already found that these statements were not false. A trier of fact has also found that Defendants did not retaliate against Plaintiff by terminating his employment. "Under the doctrine of collateral estoppel, or issue preclusion, once" an issue of fact "necessary to [the] judgment" has been decided, "that decision may preclude relitigation of the issue in a suit on a

---

independent action for fraud on the court is one of the "old forms of obtaining relief from a judgment" that survived Federal Rule 60's promulgation. *Beggerly*, 524 U.S. at 45. The independent action's "precise contours are somewhat unclear," *id.*, but there is no question that the action is a creature of equity, *Chevron Corp. v. Donziger*, 2013 WL 98013, at *5 (S.D.N.Y. 2013). And there is also little question that "prior to the merger of law and equity, damages were available in equitable actions in chancery as incidental to or intertwined with injunctive relief." *Id.* (internal quotations and footnote omitted). Nor is there any reason to interpret Rule 60 as conditioning a court's jurisdiction over an independent action on whether the relief requested includes monetary relief. After all, the federal rules are express that they aren't to be read to "extend or limit the jurisdiction of the district courts." Fed. R. Civ. P. 82. This is not a jurisdictional issue. Instead, it would seem to go to the merits of Plaintiff's claim. *Cf. Beggerly*, 524 U.S. at 45-46 (concluding that ancillary jurisdiction existed over an independent action for relief from a judgment that also sought money damages).

4    The Court notes that the individual defendants who are not residents of Kansas also argue that the Court lacks personal jurisdiction over them. Although personal jurisdiction – like subject-matter jurisdiction – is ordinarily treated as a threshold issue that the Court must address prior to reaching the merits, the Court need not do so in this instance. *See Baca v. Rodriguez*, 554 F. App'x 676, 678-79 (10th Cir. 2014). Where there are multiple defendants in a case and personal jurisdiction is challenged as to some but not all those defendants, it's permissible for the Court to proceed to the merits as an efficiency-saving measure. *See id.* (noting that the court "may rule that a party loses on the merits without first establishing jurisdiction when the merits have already been decided in the court's resolution of a claim of which it did have jurisdiction." (internal quotation marks, citation, and alterations omitted)). The Court does so in this case.

different cause of action involving a party to the first case." *Robinson*, 56 F.3d at 1272-73 (internal quotation marks, footnote, and citation omitted). This is provided, of course, that the party against whom collateral estoppel is asserted had "a full and fair opportunity to litigate the issue in the earlier case." *Id.* at 1273. Collateral estoppel applies to confirmed arbitration awards. *B-S Steel of Kan., Inc. v. Tex. Indus., Inc.*, 439 F.3d 653, 662 (10th Cir. 2006). In this case, the arbitrator accepted statements about the safety of Minerva's products as true. It also found Plaintiff hadn't been retaliated against for raising safety-related concerns. The district court found no clear error in those findings. The veracity of Defendants' statements about product safety and retaliation have already been litigated. And Plaintiff is precluded under principles of collateral estoppel from re-litigating the truth of Defendants' statements about the safety of Minerva's products or about the grounds for his termination. The truth or falsity of the product safety statements or the proffered rationale for Plaintiff's termination does not change with the statements' audience. An attempt to relitigate the veracity of statements Plaintiff believes were false but an arbitrator found to be true can't escape collateral estoppel's preclusive bar simply because the same statements were later repeated to a court. Plaintiff is collaterally estopped from relitigating these issues. And, because fraud on the court requires falsity or dishonest conduct, Plaintiff's fraud-on-the-court claim is precluded.

Second, even if issue preclusion was not fatal, the allegedly false statements Defendants made can't sustain a viable fraud-on-the-court claim. Fraud on the court is not simply fraud by another name. *Weese v. Shuckman*, 98 F.3d 542, 552-53 (10th Cir. 1996). It is also not simply another way to describe ordinary-but-dishonest litigation misconduct in securing a judgment. *See id.* It refers to egregious and extreme misconduct that is directed at corrupting the judicial machinery itself. *Id.* Which is to say it "embrace[s] only that species of fraud which does or

attempts to[ ] subvert the integrity of the court itself[ ] or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases . . . ." *Id.* at 553 (emphasis added) (internal quotation marks and citation omitted). The examples that are often given are bribery of a judge, bribery of a jury, or an attorney's wholesale fabrication of evidence. *E.g., id.* at 552. It does not capture conduct that is less egregious (though still sanctionable and quite severe) like a witness's perjury or non-disclosure of evidence during discovery. *Id.* at 552-53. The boundaries of fraud on the court are narrowly drawn and tightly controlled because finding that fraud on the court exists permits the extreme and exceptional remedial step of setting aside a final judgment. *Id.* at 553.

Here, Plaintiff alleges Defendant Minerva made material misrepresentations about the safety of certain of its products and that it terminated him in retaliation for bringing these issues to its attention. Plaintiff alleges that Defendants committed a fraud on the court by defending the safety of its products in the subsequent arbitration proceedings and then again in this District when the award was confirmed and reduced to a judgment. But fraud on the court requires something considerably more severe than allegations that a defendant hoodwinked a trier of fact into believing that a misrepresentation claim against it lacked merit. It also requires more than an allegation that a party repeated facts in a subsequent proceeding a trier of fact had erroneously found in a prior proceeding. Here, there is no colorable allegation of bribery or of tampering with the structural aspects of the proceedings. And there is no suggestion that Defendants' conduct impeded the ability of the arbitrator or the court from being able to separate truth from falsity (even assuming false statements were made during the underlying proceedings).

**C.      Remaining claims.**

The jurisdictional hook for Plaintiff's remaining claims is unclear as it is somewhat unsettled whether supplemental jurisdiction exists when fraud-on-the-court is the substantive claim. But, even assuming that supplemental jurisdiction is available for these claims, the exercise of that type of jurisdiction is left to the Court's discretion. And, here, the Court declines to exercise it. The state claims derive from the same set of facts as Plaintiff's fraud-on-the-court claim. But courts in general are cautious about exercising supplemental jurisdiction over state law claims. *Givens v. City of Wichita*, 2024 WL 1198503, at *22 (D. Kan. 2024). And, beyond the common set of facts, there is no reason for the Court to maintain jurisdiction. No discovery has occurred. Notwithstanding the procedural or substantive issues that might otherwise foreclose their availability, these claims involve issues of state law that Kansas's state courts have interest in interpreting. Notions of comity support allowing Kansas's state courts the ability to address matters of Kansas state law. The Court dismisses the remaining state-law claims without prejudice for lack of subject-matter jurisdiction.

**III.    CONCLUSION**

THE COURT THEREFORE ORDERS that Defendants' motion to dismiss (Doc. 8) is GRANTED IN PART. The Court dismisses Plaintiff's fraud-on-the-court claim (Count 1) WITH PREJUDICE. The Court dismisses Plaintiff's remaining claims (Counts 2 and 3) WITHOUT PREJUDICE.

The case is closed.

IT IS SO ORDERED.

Dated: March 13, 2026            /s/ *Holly L. Teeter*
                                 HOLLY L. TEETER
                                 UNITED STATES DISTRICT JUDGE